UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST LEE JONES, | 1: 06 CV 01605 OWW WMW HC |
|     Petitioner, | MEMORANDUM OPINION AND ORDER RE RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
|   v. | [Doc. 13] |
| JEANNE S. WOODFORD, | |
|     Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pending before the court is Respondent's motion to dismiss.

**BACKGROUND**

On May 19, 1995, in Kings County Superior Court, Petitioner was convicted of one count of first degree burglary with two prior convictions of the same offense. The trial court sentenced Petitioner to 25 years to life in state prison under California's "Three Strikes Law." Petitioner filed a direct appeal to the California Court of Appeal, Fifth Appellate District ("Court of Appeal") and on September 30, 1996, the court affirmed the judgment. Petitioner sought review in the California

Supreme Court and the court denied the petition on November 4, 1996.

Petitioner filed petitions in both the Fresno County Superior Court and the Court of Appeal, contending, as he does here, that he is entitled to credits earned through his participation in the Inmate Work/Training Incentive Program. These petitions were denied on March 23, 2006, and April 13, 2006, respectively.

Petitioner filed the present petition in this court on November 9, 2006.

**LEGAL STANDARD**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out Pleasant Valley State Prison, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with

respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

In his petition, Petitioner contends that he is entitled to and has a federally protected liberty interest in retaining credits he believes he has earned through his forced participation in the California Department of Correction and Rehabilitation's Inmate Work Training Incentive Program ("IWTIP").  Petitioner claims that both penal and administrative statutes mandate that when conduct credits and work-time credits are combined, inmates in CDCR "shall automatically" be given day-

for-day credits pursuant to Penal Code Section 2933.  He further contends that even if he was not entitled to halftime credits for both his conduct and worktime, he is entitled to the credits he has already earned under equitable estoppel principles and his right to due process.  He relies for this contention on his assertion that he was forced to participate in the IWTIP.

Respondent moves to dismiss this petition on three grounds.  First, Respondent contends that this petition is untimely and barred by the statute of limitations.  Second, Respondent contends that Petitioner does not state a federal claim in regard to his claim that the CDCR misapplied specific sections of the California Penal Code.  Third, Respondent contends that Petitioner's claim based on a violation of equal protection rights does not state a federal claim.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the court will review respondent's motion to dismiss pursuant to its authority under Rule 4.

Timeliness

Respondent contends that Petitioner's claim that the CDCR incorrectly calculated his parole date is untimely.  Respondent claims that staff calculated Petitioner's Minimum Eligible Parole Date on January 24, 2000, using credit code number 35.  Respondent provides a supporting exhibit in the form of Petitioner's January 24, 2000 Legal Status Summary.  He states that under credit code number 35, the prisoner is assigned a zero credit earning status when his Minimum Eligibility Parole Date is calculated.  Respondent claims that under these facts, Petitioner should have discovered the factual predicate for any claim based on a failure to properly calculate his Minimum Eligibility Date on January 25, 2000.  Petitioner, however, did not begin the state review process until March 9,

2006, when he filed his petition for writ of habeas corpus in Fresno County Superior Court. Respondent concludes, therefore, that Petitioner allowed the applicable one-year statute of limitations expire before beginning the state review process.

  The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

  In this case, Petitioner contends that his present petition is timely, because he did not discover the factual predicate of his claim until much later than alleged by Respondent. He argues that the fact that staff allegedly filed out a Legal Status Summary Sheet in 2000, does not demonstrate that he was served with a copy of this document. He states that to the contrary, he has never seen this Legal Status Summary. He further states every time he moved to a new program assignment he filed out form after form, informing him that he <u>was</u> earning credits. Petitioner claims that upon becoming aware of the claim in January of 2006, he pursued his claim through the administrative channels at the CDC and then, in March of 2006, in the state courts.

  Respondent did not file a reply to Petitioner's opposition to the motion. Respondent offers no proof in his motion that Petitioner received a copy of 2000 Legal Status Summary at any

particular time.  In light of the arguments made by Petitioner, this court is unable to find as a matter of law that Petitioner became aware of the factual basis of his claim in January 2000.  Accordingly, the court is unpersuaded by Respondent's contention that this petition is untimely.

<u>Due Process Claim</u>

Respondent contends that Petitioner's claim that California law requires inmates in CDCR to be given day-for-day conduct credits fails to state a federal claim.  Citing <u>In re Cervera</u>, 24 Cal.4th 1073, 1080, Respondent argues that Petitioner's conviction under Penal Code section 667 prohibits him from earning credits for use against his mandatory indeterminate term of life imprisonment.  Respondent further argues that the proper application and interpretation of state law is not amenable to federal habeas review.

In response, Petitioner argues in detail that Respondent fails to properly differentiate between worktime and conduct credits, and that after 1987, all inmates are entitled to two types of credits under Penal Code Section 1191.3, and that Section 667 limits worktime credits to 20%.  Petitioner also his claim that he has a due process right to retain credits he has already earned under the IWTIP.  Respondent's response to this claim is that simply alleging a due process right in Respondent's correct interpretation of state law cannot convert a state law claim into a federal claim.  See <u>Langford v. Day</u>, 110 F.3d 1380, 1389 (9th Cir. 1996).

The court disagrees with Respondent's characterization of Petitioner's claim as merely alleging a due process right in the CDCR's correct interpretation of state law.  Petitioner presents a reasoned argument that he has already earned both worktime and conduct credits, which cannot now be taken away from him without due process.  See generally,  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974)( prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system).  The court finds that Respondent has not addressed that claim.

Accordingly, the court rejects Respondent's contention that Petitioner has not stated a federal claim as a basis for dismissal of this case. See <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973)(when a state prisoner is challenging the duration of his physical imprisonment and the relief he seeks is a determination that he is entitled to speedier release from such imprisonment, his sole federal remedy is a writ of habeas corpus).

Equal Protection Claim

Petitioner claims that he has been deprived of equal protection of the law because similarly situated prisoners have received the credits which he has been denied.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564. If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." Squaw Valley, 375 F.3d at 944; Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

In this case, Petitioner makes no claim that he is a member of a protected class. Petitioner must therefore show, in part, that he was intentionally treated differently from others similarly situated. Petitioner has submitted as an exhibit to his petition copies of legal status sheets from other prisoners who were not convicted as third strike offenders under California Penal Code section 667, the Third Strike Law. These status sheets which purportedly show these prisoners earning credits at

a different rate than Petitioner. As Respondent argues, this does not support Petitioner's equal protection claim, because these prisoners are not similarly situated to Petitioner, who was convicted as a third strike offender. Further, the court agrees with Respondent that Petitioner cannot show the lack of a rational basis in treating him differently than prisoners who were not convicted under the Three Strikes Law. See McQueary v. Blodgett, 924 F.2d 829, 834-35 (9th Cir. 1991)(finding no denial of equal protection in having persons subject to different sentencing systems). Accordingly, the court must conclude that Petitioner fails to state an equal protection claim.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Respondent's motion to dismiss is DENIED as to Respondent's contention that this petition is untimely and as to Respondent's contention that Petitioner fails to state a federal claim for on due process based on the claim that Respondent misapplied California law when calculating his credits;

2) Respondent's motion to dismiss is GRANTED as to the Respondent's contention that Petitioner fails to state a claim for a violation of the right to equal protection of the law;

3) Respondent SHALL SUBMIT a RESPONSIVE pleading by filing one of the following:

  A. AN ANSWER addressing the merits of the Petition and due within **NINETY (90)** days of the *date of service* of this order. Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing an Answer.).

  Respondent SHALL INCLUDE with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition. Rule 5 of the Rules Governing Section 2254 Cases.

  Any argument by Respondent that Petitioner has *procedurally defaulted* a claim(s) SHALL BE MADE in an ANSWER that also addresses the merits of the claims asserted. This is to enable the Court to determine whether Petitioner meets an exception to procedural default. See, Paradis v. Arave, 130 F.3d 385, 396 (9th Cir. 1997) (Procedurally defaulted claims may be reviewed on the merits to serve the ends of justice); Jones v. Delo, 56 F.3d

878 (8th Cir. 1995) (the answer to the question that it is more likely than not that no reasonable juror fairly considering all the evidence, including the new evidence, would have found Petitioner guilty beyond a reasonable doubt necessarily requires a review of the merits).

Petitioner's TRAVERSE, if any, is due **THIRTY (30)** days from the date Respondent's Answer is filed with the Court.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 78-230(h). All provisions of Local Rule 11-110 are applicable to this order.

IT IS SO ORDERED.

**Dated:   February 19, 2008**              /s/ Oliver W. Wanger
                                            UNITED STATES DISTRICT JUDGE