UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| FORREST LEE JONES,<br><br>Petitioner,<br><br>vs.<br><br>JEANNE S. WOODFORD,[1]<br><br>Respondent. | Civil No.    1:06-1605 JTM<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## I. INTRODUCTION

Forrest Lee Jones, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the Eastern District of California (Fresno Division) [doc. no. 1]. On November 25, 2008, the case was reassigned to visiting District Judge Jeffrey T. Miller for all further proceedings [doc. no. 25]. In his Petition, Jones alleges he has been denied work and conduct credits (also known as "behavioral credits"). Jones contends that he earned such credits while in prison and the California Department of Corrections and Rehabilitation has unlawfully refused to apply them to his sentence or revoked

/ / /

/ / /

---

[1] The Court sua sponte substitutes Matthew Cate, Secretary of California Department of Corrections and Rehabilitation for former Secretary, Jeanne Woodford, who retired while this Petition was pending.

them. The Court has reviewed the Petition, Respondent's Answer, the Traverse and all the supporting documentation. For the reasons discussed below, the Petition is **DENIED**.

## II.     BACKGROUND

On July 17, 1995, Jones was convicted of first degree burglary and found to have two prior "strike" convictions. He was sentenced to 25 years to life in prison, pursuant to California's Three Strikes law. (*See* Resp't Ex. 1.)  Soon after entering prison, Jones was assigned to a work training program known as Inmate Work Training Incentive Program. (Pet. at 6-7.) Jones believed he was earning credits while participating in the work program. He alleges, however, that the California Department of Corrections and Rehabilitation did not award him the credits he is entitled to under administrative and penal statutes. (*See* Pet. at 6-7; Traverse at 1.)

On February 27, 2006, Jones filed a petition for writ of habeas corpus in the California Supreme Court, seeking to have credits applied to his sentence. (Resp't Ex. 5.)  Soon thereafter, on March 9, 2006, Jones filed a petition for writ of habeas corpus in the Kings County Superior Court. (Resp't Ex. 6.) The petition was transferred to the Superior Court of Fresno County. On March 28, 2006, the Superior Court denied the petition in a reasoned decision. (Resp't Ex. 8.) Jones next filed a petition for writ of habeas corpus with the California Court of Appeal on April 6, 2006. (Resp't Ex. 9.) The appellate court denied the petition without comment or citation on April 13, 2006. (Resp't Ex. 10.) The California Supreme Court summarily denied Jones's February 27, 2006 petition on October 25, 2006. (Resp't Ex. 11.)

On November 11, 2006, Jones filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. In the Petition he raised three claims; (1) the denial of credits deprived him of a guaranteed liberty interest and violated his due process rights; (2) the denial of credits violated his equal protection rights; and (3) he was entitled to credits under the theory of equitable estoppel. (*See generally*, Pet.)

Respondent filed a Motion to Dismiss the Petition on June 18, 2007 [doc. no. 13]. In the motion, Respondent argued the Petition was untimely, and that the due process and equal

protection claims raised in Jones's Petition were not cognizable on federal habeas. Respondent did not address Jones's equitable estoppel claim in the motion.

On February 20, 2008 the Court denied Respondent's Motion to Dismiss in part. The Court concluded that the Petition was timely and that Jones's due process claim was cognizable. The Court, however, granted Respondent's Motion to Dismiss Jones's equal protection claim. Thus, Jones's due process and equitable estoppel claims remained. Respondent filed an Answer[2] on May 25, 2008 [doc. no. 21] and Jones filed a Traverse on June 5, 2008 [doc. no. 23].

## III.  SCOPE OF REVIEW

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (2006) (emphasis added).  As amended, 28 U.S.C. § 2254(d) reads:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was <u>adjudicated on the merits</u> in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (emphasis added).

"AEDPA establishes a 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Womack v. Del*

---

[2] Respondent again argues the Petition should be dismissed as untimely. (Answer at 4-5.) The Court declines to revisit an issue it decided on February 20, 2008.

*Papa*, 497 F. 3d 998, 1001 (9th Cir. 2007), quoting *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002). To obtain federal habeas relief, Jones must satisfy either § 2254(d)(1) or § 2254(d)(2). *See Williams v. Taylor*, 529 U.S. 362, 403 (2000). The Supreme Court interprets § 2254(d)(1) as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13; *see also Lockyer v. Andrade*, 538 U.S. 63, 73-74 (2003).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by *Lockyer*, 538 U.S. at 75-76); *accord Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). However, a state court need not cite Supreme Court precedent when resolving a habeas corpus claim. *Early v. Packer*, 537 U.S. 3, 8 (2002). "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent,]" *id.*, the state court decision will not be "contrary to" clearly established federal law. *Id.*

**IV.   DISCUSSION**

    A.   Due Process

Jones claims his due process rights were violated when the California Department of Corrections and Rehabilitation ("CDCR") "refus[ed] to give him his earned conduct/behavioral credits pursuant to both administrative and penal statute." (*See* Traverse at 1, *see also* Pet. at 6-7.) He contends that soon after entering prison he was assigned the Inmate Work Training Incentive Program ("IWTIP"), and while participating in that program he earned credits which the CDCR has not awarded him. (Pet. at 6-7.)

This Court must look to the last reasoned state court decision, the superior court's denial of Jones's state habeas petition. *Ylst*, 501 U.S. at 801-06. That court stated:

> Petitioner contends that he is entitled to credits earned through his participation in the Inmate Work Training Incentive Program. This is not a new issue. It is one that has been repeated [sic] addressed by this court in response to petitions filed by numerous other inmates whose ability to earn time credits is restricted by statute. Without exceptions, those contentions have been rejected. Prison regulations and "equitable principles" cannot circumvent controlling law. There is no equal protection violation. As an inmate allegedly sentenced to 25 years to life under the "three strikes" law involving an apparent violent felony ("First Degree Burglary with two priors"), petitioner is not entitled to the half-time credits he seeks. (See, e.g. sections 667(c)(5), 1170.12(a)(5), and 2933.1 of the Penal Code; cf. *In re Tate* (2006) 135 Cal.App.4th 756, *People v. Garcia* (2004) 121 Cal.App.4th 271, *People v. Daniels* (2003) 106 Cal.App.4th 736, *In re Cevera* (2001) 24 Cal. 4th 1073, and *People v. Caceres* (1997) 52 Cal.App.4th 106.)
>
> The petition is denied.

(Resp't Ex. 8 at 1-2.)

It is clearly established that a liberty interest may originate from the Due Process clause. *See Hewitt v. Helms*, 459 U.S. 460, 466 (1983). A liberty interest may also be created by state action. *See Wolff v. McDonnell*, 418 U.S. 559 (1974). "[T]o obtain a protectible right 'a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'" *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Constitutionally protected liberty interests are limited to ensuring inmates are free from "atypical and significant hardship. . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

Petitioner argues his due process rights were violated by the failure of the CDCR to award him credits he earned while participating in the IWTIP. As the state court concluded, Jones is not entitled to work credits because he was sentenced to an indeterminate term of life in prison under the Three Strike's law. *In re Cervera*, 24 Cal. 4th 1073, 1078 (2001); *see also People v. Buckhalter*, 26 Cal. 4th 20, 32 (2001). Under California law, "[w]orktime credit is a privilege, not a right." Cal. Penal Code § 2933(b). Moreover, with the exception of pre-

sentence custody, Jones has no right to behavioral credits. Cal. Penal Code § 4019;[3] *see also Buckhalter*, 26 Cal. 4th at 33. Thus, Jones does not have a liberty interest in earning work or conduct credits while in prison. *See Sandin,* 515 U.S. at 483-84.

Jones also claims his due process rights were violated by the CDCR's "refusal" to give him his "earned conduct/behavioral credits . . .pursuant to [] Cal. Penal Code § 1191.3 and CDCR Operations Manual § 53130.4." (Traverse at 1.) California Penal Code section 1191.3 directs the sentencing court to explain to a defendant that the law "permits" an inmate to earn credits "up to" half of the sentence. Under the statute an inmate *may* be eligible for credits. *See* Cal. Penal Code § 1191.3. The statue, however, does not bestow any right to receive credits. It merely requires inmates receive notice of its provisions. *Id.* Thus, section 1191.3 does not create a protectable liberty interest in earning credits. *See Sandin,* 515 U.S. at 483-84.

Likewise, a liberty interest is not created by section 53130.4.2 of the Department of Correction's Manual ("DOM"). Section 53130.4.2 states: "[i]nmates sentenced to prison on non-life terms, whose crimes were committed on or after 1-1-83, shall automatically be eligible to receive day-for-day credits under the provisions of [Penal Code §] 2933." DOM § 513130.4.2. By its own terms, this regulation applies to inmates to the extent they are eligible under Penal Code section 2933. Jones was convicted of a "violent felony" with two prior strikes and sentenced to a mandatory indeterminate term of 25 years to life under California's Three Strikes Law. *See* Cal. Penal Code § 667. As such, neither California Penal Code section 2933 nor DOM section 53130.4.2 apply to Jones.[4] *See Cervera*, 24 Cal. 4th at 1078. Accordingly, Jones has no liberty interest in earning credits under section 53130.4 of the Department of Correction's Manual.

---

[3] Section 4019 allows inmates who perform assigned labor to obtain on day of credit for every six-day period of pre-sentence custody. And inmates who comply with the rules and regulations obtain an additional day of credit for every six days of custody. Cal. Penal Code § 4019. In this case, Jones received 133 days credit during his pre-sentence custody. (*See* Resp't Ex. 1 at 1; *see also* Pet., Ex. C at 17.)

[4] The Ninth Circuit has concluded that California Penal Code section 2933 does not create a liberty interest in earning work credits. *See Kalka v. Vasquez*, 867 F.2d 547 (9th Cir. 1989) ("section 2933 does not create a constitutionally protected liberty interest"); *Touissant v. McCarthy*, 801 F.2d 1080, 1094-95 (9th Cir. 1986).

      Finally, to the extent Petitioner alleges he was actually awarded credits which the CDCR later revoked in violation of due process of law, his claim fails. There is no indication in the record that Jones ever received such work or conduct credits. Nor is there evidence in the record that credits were revoked after being awarded. (*See generally*, Rep't Ex. 4.) Indeed, credits earned during Jones' pre-sentence custody are still intact. (*See* Resp't Ex. 1 at 1; Pet. Ex. C, at 17-18.) Because Jones has not shown that credits were deducted after being awarded, the due process requirements set forth in *Wolff* are not applicable here. *See Wolff*, 581 U.S. at 559.

      In sum, Jones did not have a protectable liberty interest in earning credits and he has not shown that he was awarded credits which were later taken away without a hearing. Therefore the state court's denial of Jones's due process claim was neither contrary to, nor an unreasonable application of, clearly established law. *See* 28 U.S.C. § 2254(d); *Williams*, 429 U.S. at 412-13. Jones is not entitled to relief as to this claim.

      B.    <u>Estoppel</u>

      Jones claims he is entitled to "day-for-day" credits under the theory of equitable or government estoppel. (*See* Traverse at 13.) Jones relies heavily on *In re Monigold*, 205 Cal. App. 3d 1224 (1988). In *Monigold*, the petitioner was serving an indeterminate term of 15 years to life for second degree murder. The Department of Corrections mistakenly permitted Monigold to earn day-for-day work credits under California Penal Code section 2933. *In re Monigold*, 205 Cal. App. 3d at 1226. Monigold had been earning day-for-day work-time credits for four years when the California Department of Corrections discovered it had erred in allowing him to participate in the program because prisoners serving indeterminate sentences of 15 years to life were ineligible for work credits under section 2933. The Department of Corrections revoked the credits. *Id.* at 1226-27. The California Court of Appeal held that, based equitable estoppel principles, the state was estopped from revoking the credits Monigold had earned because he worked under the program in good faith and in reliance on his early release date for four years. *Id.* at 1230-31.

/ / /

Jones's reliance on *Monigold* is misplaced for two reasons.  First, as discussed above, Jones has not shown he was ever awarded credits which were later revoked.  Thus, the holding of *Monigold* is inapplicable here.  Second, to the extent Jones relies on the California equitable estoppel principles discussed in *Monigold*, he has failed to state a cognizable federal claim.  To present a claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2254(a).  Federal habeas relief is not available for an alleged error in the interpretation or the application of state law.  *See* 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. 62, 67-68.

Even if this Court were liberally construe the Jones's claim as a Contract Clause claim under the United States Constitution, it fails.  It is clearly established that "no contractual obligation may be enforced against a public agency unless it appears the agency was authorized by the Constitution or statute to incur the obligation; a contract entered by a governmental entity without the requisite constitutional or statutory authority is void and unenforceable."  *Miller v. Rowland*, 999 F.2d 389, 392 (9th Cir. 1993) (internal quotation omitted).  In this case, California Penal Code section 2931 makes it clear that the CDCR had no authority to promise or award credits to Jones.  Thus, this Court is precluded from enforcing any contract between the CDCR and Petitioner regarding such credits.

Jones's claim of government estoppel is also without merit.  There is no evidence that the CDCR erroneously informed Jones that he was eligible for work or conduct credits under section 2933.  (*See generally*, Pet. Ex. E.)  Any belief that Jones was entitled to earn day-for-day work credits was based on his own misinterpretation of the statutory scheme – not on the CDCR's acceptance of him into the IWTIP program.  Jones has not shown any affirmative misconduct or misrepresentation by the CDCR, nor has he "lost any rights to which [he] was entitled."  *See Suilt v. Schligtgen*, 213 F.3d 449, 454 (9th Cir. 2000).  Accordingly, estoppel against the government is unavailable.  *Id*.

/ / /

/ / /

In sum, the state court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established law. *See* 28 U.S.C. § 2254(d); *Williams*, 429 U.S. at 412-13. Petitioner is not entitled to relief as to this claim.

**V.     CONCLUSION**

Having carefully considered Jones's Petition, Respondent's Answer and Memorandum of Points and Authorities in Support of the Answer, Jones's Traverse, and all relevant documents and legal authorities, for all the foregoing reasons, the Court **DENIES** the Petition. The Clerk of Court is directed to enter a judgment denying the petition with prejudice.

DATED:  July 10, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge